# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SDBODYCONTOURING, A MEDICAL CORPORATION D/B/A ZEPBOUND PRESCRIPTION CLINIC D/B/A ZEPBOUND RX CLINIC D/B/A SAN DIEGO BODY CONTOURING,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:24-cv-01061-RSH-BJC<br><br>**ORDER GRANTING JOINT MOTION TO APPROVE AND ENTER FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>[ECF No. 30] |

　　　WHEREAS, Plaintiff Eli Lilly and Company ("Lilly") and Defendant SDBodyContouring, A Medical Corporation d/b/a Zepbound Prescription Clinic d/b/a Zepbound Rx Clinic d/b/a San Diego Body Contouring ("Defendant") (collectively, the "Parties") have stipulated and agreed that this Final Judgment and Permanent Injunction (the "Permanent Injunction") be entered in the present action as set forth below without further notice or process; and

　　　WHEREAS, Lilly filed its Complaint in this action on June 20, 2024 [ECF No. 1], and Defendant was served with the Complaint [ECF No. 5]; and

WHEREAS, the Parties have agreed to settle and resolve this matter without any further formal proceedings herein, and, as indicated by the signatures below, have consented to the entry of this Permanent Injunction in connection with such resolution of this action; and

WHEREAS, the Court finds good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the Parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367(a), and Defendant is subject to the jurisdiction of this Court. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Lilly's Complaint states causes of action against Defendant for trademark infringement, false designation of origin, cybersquatting, unfair competition, false and misleading advertising and promotion, and unlawful, unfair, and fraudulent trade practices in violation of 15 U.S.C. §§ 1114 and 1125, Cal. Bus. & Prof. Code § 17500, Cal. Bus. & Prof. Code § 17200 *et seq.*, and California common law.

3. Lilly has adopted and used, and has valid and enforceable rights in and to, the trademarks MOUNJARO® and ZEPBOUND® (the "Lilly Marks") for pharmaceutical products.

4. The federal trademark registrations for the Lilly Marks identified below are valid, subsisting, and enforceable:

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| MOUNJARO | 6,809,369 | August 2, 2022 | Pharmaceutical preparations (class 5) |
| MOUNJARO | 7,068,463 | May 30, 2023 | Medical information services in the field of diabetes (class 44) |
| ZEPBOUND | 7,288,373 | January 23, 2024 | Pharmaceutical preparations (class 5) |

5. Without the consent of Lilly, Defendant offered compounded drug products that purport to contain tirzepatide and that are not approved by the FDA or any other global regulatory agency ("Unapproved Compounded Drugs").

6. Without the consent of Lilly, Defendant has engaged in advertising, marketing, and/or promotion that falsely suggests that: (i) the Unapproved Compounded Drugs offered by Defendant are approved by the FDA, have been the subject of clinical studies, or achieve certain therapeutic outcomes.

7. Defendant's actions as described above are likely to cause confusion, cause mistake, deceive, infringe Lilly's rights in the Lilly Marks, and violate Lilly's rights under the Lanham Act and state law.

8. Defendant, its officers, directors, shareholders, owners, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

    a. Using the Lilly Marks or any mark confusingly similar to them, in connection with the advertising, promoting, marketing, selling or offering for sale of any goods or services (including, but not limited to, Unapproved Compounded Drugs) or otherwise engaging in any activity that is likely to cause confusion, cause mistake, or deceive or otherwise infringe any rights of Lilly in the Lilly Marks or any similar mark; and

    b. Falsely stating or suggesting (including through the internet or through any social media) that Defendant's Unapproved Compounded Drugs are genuine or generic versions of MOUNJARO® or ZEPBOUND®, that Defendant is associated or connected in any way with Lilly or its products, or that Defendant's Unapproved Compounded Drugs are approved by the FDA, have been the subject of clinical studies, or achieve certain therapeutic outcomes;

    c. Using or otherwise doing business under the trade name "Zepbound Prescription Clinic" or any variant thereof;

   d.  Engaging in any unfair competition with Lilly; and

   e.  Engaging in any deceptive or unfair acts.

 9. Defendant represents that Defendant did not ever have and does not currently have any right, title and interest in or to, or any control over, the domain name "zepboundclinic.com" or any other domain names containing "mounjaro" or "zepbound" (or any other mark that is a colorable imitation of or confusingly similar to the Lily Marks.

 10. IT IS FURTHER ORDERED that, for a period of twelve (12) months from the date of entry of this Final Judgment, Defendant shall disclose, in all advertisements, social media statements, press releases, articles, website, or interviews for any compounded tirzepatide products the following statement: "Compounded versions of tirzepatide are not associated with Eli Lilly & Company and/or its genuine MOUNJARO® and/or ZEPBOUND® products. Lilly's genuine MOUNJARO® and ZEPBOUND® products are the only FDA approved tirzepatide products that the FDA has reviewed for safety, quality, or efficacy."

 11. Each party shall bear its own attorney's fees and costs in connection with this Action.

 12. Judgment is hereby entered in favor of Plaintiff Eli Lilly and Company as set forth above.

 13. In accordance with § 34 of the Federal Trademark Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Commissioner of Patents and Trademarks of the entry of this Final Judgment, who shall enter it upon the records of the Patent and Trademark Office.

 14. This Permanent Injunction shall be deemed to have been served on Defendant and all of its subsidiaries, affiliates, divisions, operating companies, related entities, officers, agents, servants, employees and attorneys as of the date of entry hereof by the Court.

//

15. This Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction and the Parties' confidential settlement agreement, including disputes related thereto.

**IT IS SO ORDERED**.

Dated: November 7, 2024

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge